TOM LILLARD'S ADMR. *v.* MARY HOUSTON TRANSPORTATION CO.

[Abstract Kentucky Law Reporter, Vol. 4—254.]

**Contributory Negligence in a Damage Suit.**

Where plaintiff's intestate, being an employe of a steamboat company, rashly and recklessly placed himself in a position of danger which resulted in the loss of his life, without the fault of his employer, there can be no recovery.

**Assumed Risk.**

Where in a suit against a transportation company operating a freight boat on the river, brought by plaintiff on account of his intestate having lost his life in an effort to carry out the orders of the company to retake a barrel which had fallen overboard, there is no evidence of willful neglect or of reckless and wanton conduct towards the intestate in the direction given him to catch the barrel, it is held that the danger was one of the perils attending navigation that he had agreed to risk when accepting the employment and there could be no recovery.

APPEAL FROM JEFFERSON COURT OF COMMON PLEAS.

September 19, 1882.

OPINION BY JUDGE PRYOR:

The only question in this case was whether the death of the appellant's intestate was caused by the willful neglect of the defendant or its employes. The instructions given, at least so far as the appellant is concerned, were unobjectionable. The jury certainly understood the issue, and from the testimony in the case, looking to that of the plaintiff alone, it does not appear that the barrel was lodged against the wheel of the boat at the

45

time the deceased was ordered to regain it, nor that the employes of the defendant knew it had lodged or floated there at the time the intestate was drowned. The boat was landed, and as is usual and necessary with boats the wheel was occasionally turned so as to keep it from moving off; and the intestate, who knew or ought to have known this fact, rashly and recklessly placed himself in a position of danger resulting in the loss of his life and, as we think the testimony conduces to show, without the fault of the defendant. As soon as the danger was ascertained efforts were made to prevent the accident, but proved unavailing. There was no evidence in this case of willful neglect or of reckless and wanton conduct towards the intestate in the direction given him to catch the barrel that had fallen overboard. It was one of the perils attending navigation that he had agreed to risk when accepting the employment.

The verdict and judgment in our opinion was proper and is now *affirmed.*

*I. H. Trabue, for appellant.*

*Goodloe, Roberts & Humphrey, for appellee.*